IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-488-BO

JOHN M. SCARDINA,
        Plaintiff,

v.

PATRICIA H. MARTIN, et al.,
        Defendants.

**ORDER**

This cause comes before the Court on defendant's motion to remand [DE 14], defendant's supplemental motion to remand and motion to dismiss [DE 24], and a motion "For Issuance of Preliminary Relief in the Alternatives" by plaintiff. [DE 9]. The matter has been fully briefed and is ripe for ruling. For the reasons discussed below, plaintiff's suit is dismissed without prejudice.

It appears that plaintiff, proceeding *pro se*, attempted to "remove" an existing child custody action between him and his ex-wife here to federal court, and then append that so-called removal with allegations of constitutional violations against his ex-wife and several other participants, including his ex-wife's family law attorney and the judge overseeing the case.

To begin, a plaintiff cannot remove a case from state to federal court, nor can a defendant remove a case on the basis of a counterclaim. 28 U.S.C. § 1441; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983). Second, an action over which the court lacks subject-matter jurisdiction must be dismissed. Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Third, federal courts have no original jurisdiction to hear state law claims absent diversity jurisdiction. 28 U.S.C. § 1332; *Hales v. Winn-Dixie Stores, Inc.*, 500

F.2d 836, 848 n.1 (4th Cir. 1974). Fourth, federal courts have no jurisdiction over child-custody and similar family law matters, even in the presence of diversity jurisdiction. *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980). Finally, if a suit were properly filed in or removed to this Court, it would need to be accompanied by service of process and be timely. *See* 28 U.S.C. § 1446(a)-(b).

What plaintiff has created here in his series of filings is not a removal, and therefore the action is dismissed. To the extent plaintiff would like to bring a lawsuit on the basis of a federal question, such as an allegation of a constitutional violation, he remains free to do so, as this dismissal is without prejudice. Plaintiff is encouraged to remember that while *pro se* litigants are entitled to a certain level of lenience, they are still required to follow the Federal Rules of Civil Procedure and the Local Rules. *See Crisp v. Allied Interstate Collection Agency*, 149 F.Supp.3d. 589, 592 n.4 (M.D.N.C. 2016).

Defendant's motion to remand [DE 14] is DENIED because something that was never actually removed cannot be remanded. Plaintiff's motion [DE 9] is DENIED. Defendant's motion to dismiss [DE 24] is DENIED as moot. Plaintiff's suit is DISMISSED WITHOUT PREJUDICE. The clerk is directed to enter judgment and close the case.

SO ORDERED, this the __9__ day of November, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE